IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KRISTA NEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>ARAMARK UNIFORM & CAREER APPAREL, LLC,<br><br>    Defendant. | Case No. 20-2077-JWB-ADM |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Krista Neal's ("Neal") Motion for Leave to File Amended Complaint. (ECF 27.) By way of this motion, Neal seeks leave to amend her complaint to include additional factual background to clarify and bolster her existing claims against defendant Aramark Uniform & Career Apparel, LLC ("Aramark"). Neal's motion is untimely and unnecessary, as discussed in further detail below. The motion is therefore denied.

**I.    BACKGROUND**

Aramark provides various services to the University of Kansas Hospital (the "Hospital"), including supplying rubber mats, and cleaning and replacing used mats. Neal began working for Aramark as a District Manager in November 2016. In the summer of 2019, Neal alleges that she realized Aramark was billing the Hospital for cleaning and delivering more mats than were actually cleaned and delivered. She contends that she raised concerns about this alleged overbilling several times, including to her supervisor in October 2019. On November 11, Neal was suspended pending investigation of whether she falsified information relating to quality control visits to customers, and her employment was terminated three days later. Neal filed this lawsuit on February 24, 2020,

alleging that Aramark discharged her in retaliation for reporting and opposing illegal activity in violation of Kansas law.

The scheduling order required the parties to file any motions for leave to amend the pleadings by June 19, 2020. (ECF 18 ¶ 3(b), at 8.) Neal filed the instant motion on August 26, more than two months after the deadline. Neal does not seek to amend her complaint to add additional parties or claims. Rather, she seeks to "include additional factual background to clarify and bolster [her] existing claims." (ECF 27 ¶ 10, at 2.) Aramark opposes the motion. (ECF 32.)

## II. ANALYSIS

Where the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Id.*

### A. Neal Has Not Shown Good Cause Under Rule 16

"Rule 16(b)(4) is arguably more stringent than Rule 15[.]" *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). It provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures*, 911 F.3d at 1020. Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.* If a moving party fails to demonstrate good cause, the court may deny the

2

motion on this basis alone.  *See Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming district court's denial of a motion to amend for lack of good cause).

Neal argues that she uncovered the factual material she seeks to add to the complaint in discovery.  She contends that she could not have met the June 19 scheduling order deadline because she received Aramark's discovery responses on June 15, including 750 pages of documents, and supplemental discovery responses on July 21.  (ECF 33, at 2.)  However, most of the additional factual allegations in Neal's proposed amendment arise from her personal knowledge.  For example, those factual allegations identify other instances where she claims she raised concerns about the mats delivered to the Hospital and overbilling.  (*See* ECF 32, at 2.)  These instances would have been known to Neal at the time she filed her complaint.  Because Neal has not established good cause under Rule 16, the court denies her motion as untimely.

### B.    Neal's Proposed Amendment Is Unnecessary

The court also denies the motion as unnecessary under Rule 15(a).  When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  "The court should freely give leave [to amend pleadings] when justice so requires."  *Id.*  In freely allowing leave to amend, the court provides litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

FED. R. CIV. P. 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of fact pleading under Rule 8(a)(2) "is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail."  *Evans v. McDonald's Corp.*, 936 F.2d

3

1087, 1091 (10th Cir. 1991). Neal's original complaint meets the standard required by Rule 8(a)(2) and is not subject to a motion to dismiss. Neal's motion to amend does not seek to add claims or parties—only factual material. It is therefore unnecessary and is denied. *See, e.g.*, *Livingston v. City of Chicago*, No. 16 C 10156, 2020 WL 91274, at *4 (N.D. Ill. Jan. 7, 2020) (denying as unnecessary the plaintiffs' request to add a new factual paragraph to the complaint because "[p]laintiffs are not required to set out all of the pertinent facts that support their claims in the complaint"); *Littlefield v. Nevada ex rel. Dep't of Pub. Safety*, No. 2:13-CV-01021-RFB, 2015 WL 1470549, at *2 (D. Nev. Mar. 31, 2015) (denying as unnecessary a motion to amend to add facts to bolster plaintiff's claims, where the operative complaint had been answered and was not subject to a motion to dismiss); *Mahdy v. Cearley*, No. CIV-13-0852 MV/LAM, 2014 WL 12791277, at *6 (D.N.M. May 2, 2014) (recommending denial of plaintiffs' request to clarify allegations because amendment was "unnecessary" and additional facts could "be addressed as needed in discovery and by motion practice as the case moves along"), *report and recommendation adopted*, 2014 WL 12791278 (D.N.M. May 27, 2014); *Fields v. Ruiz*, No. CV F-03-6364 OWWDLBP, 2007 WL 708923, at *1 (E.D. Cal. Mar. 7, 2007) (denying plaintiff leave to amend to add additional facts where the operative complaint complied with Rule 8(a)'s simplified pleading standard and was "not unclear or ambiguous").

### III.    CONCLUSION

Neal's motion to amend is untimely under the scheduling order, and it is also unnecessary. For these reasons, the court denies the motion.

**IT IS THEREFORE ORDERED** that plaintiff Krista Neal's Motion for Leave to File Amended Complaint (ECF 27) is denied.

**IT IS SO ORDERED.**

Dated September 16, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
